1

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. [SBN: 249203]
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**BLC LAW CENTER, APC**
Ahren A. Tiller, Esq. [SBN 250608]
ahren.tiller@blc-sd.com
1230 Columbia Street, Suite 1100
San Diego, CA 92101
Telephone: (800) 492-4033
Facsimile: (866) 444-7026

Attorneys for Plaintiff and
all those similarly situated

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JESUS ALVARADO, on behalf of himself and all those similarly situated,

Plaintiff,

v.

LEXISNEXIS RISK DATA MANAGEMENT, INC.; and EXPERIAN INFORMATION SOLUTIONS, INC.;

Defendants.

Case No.: **'22CV0050 BAS JLB**

**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**

1. **WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORT**

2. **NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORT**

3. **WILLFUL FAILURE TO REASONABLY REINVESTIGATE**

4. **NEGLIGENT FAILURE TO REASONABLY REINVESTIGATE**

5. **FAILURE TO INVESTIGATE**

**JURY TRIAL DEMANDED**

# INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff brings this action against defendants LEXISNEXIS RISK DATA MANAGEMENT, INC. ("LexisNexis"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively the "Defendants"), as to erroneous furnishing and reporting of inaccurate and derogatory credit information made by Defendants; failure of Defendants to maintain reasonable procedures in accurately reporting credit information; and failure of Defendants to properly investigate credit information.  This conduct or omissions by Defendants caused Plaintiff and the proposed Class members damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the named Plaintiff, or to Plaintiff's counsel, which the named Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5.  Unless otherwise stated, the conduct engaged in by Defendants took place in the County of San Diego, State of California.

6.  Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7.  Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8.  Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint as though fully set forth herein.

9.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 as Plaintiff brings claims for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et. seq.*

10. This Court further has supplemental jurisdiction over Plaintiff's California causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's federal FCRA claims in this action, that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this District under 28 U.S.C. §1391(b)(2) and (3) because: (i) a substantial part of the events or omissions giving rise to these claims occurred in this District; (ii) Defendants are all subject to the Court's personal jurisdiction with respect to this action because Defendants all conduct business in this judicial district; and (iii) Mr. Alvarado resides in this judicial district.

## PARTIES

12. Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint as though fully set forth herein.

13. Plaintiff, JESUS ALVARADO is, and all times mentioned herein was, an individual citizen and resident of the County of San Diego, State of California.

14. Plaintiff is a natural person residing in the County of San Diego, State of California. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

15. Defendant LexisNexis is a Florida Corporation headquartered in Alpharetta, Georgia.

16. Defendant LexisNexis regularly and in the ordinary course of business furnishes information to consumer credit reporting agencies.  Defendant LexisNexis is therefore a furnisher of information to major Credit Reporting Agencies, as contemplated by 15 U.S.C. § 1681s-2(b),

17. Defendant Experian is a national Credit Reporting Agency.

18. Defendant Experian is a Delaware Corporation headquartered in Costa Mesa, California.

## GENERAL ALLEGATIONS

19. Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint as though fully set forth herein.

20. On or about April 30, 2015, Plaintiff filed for a Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Southern District of California, to obtain a fresh start and rebuild his credit. Plaintiff's case was assigned Case Number 15-02922-MM13 ("Bankruptcy Case").

21. The initial filing in the Bankruptcy Case was filed on the docket and publicly available via the Public Access to Court Electronic Records ("PACER") system.

22. On information and belief, as part of its routine business operations, Defendant LexisNexis continuously searches PACER and other publicly available court records to track when individuals file for bankruptcy and when they receive a discharge.

23. On information and belief, as part of its routine business operations, Defendant

LexisNexis compiles publicly available information about bankruptcy filings, and furnishes that information to all major national Credit Reporting Agencies, including Defendant Experian.

24. At a specific time, unknown to Plaintiff, but after the filing of the Bankruptcy Case, Defendant LexisNexis furnished information to Experian, stating that Plaintiff filed for bankruptcy on April 30, 2015.

25. On June 19, 2020, the Bankruptcy Court issued and Order for Discharge in Plaintiff's Bankruptcy Case.

26. Information relating to whether a discharge has been entered in a bankruptcy case is retrievable from PACER through automated, computerized means, just like information establishing the existence of a filed bankruptcy petition. Thus, were Defendants to employ procedures of which they are fully aware exist, Defendants could achieve virtually 100% accuracy in the reporting of the status of bankruptcy cases.

27. On information and belief, Defendants have failed to use available services within PACER to determine the accuracy of the reporting of the status of bankruptcy cases.

28. At a specific time, unknown to Plaintiff, but after the entry of the Order for Discharge, LexisNexis furnished to Defendant Experian information that Plaintiff had filed a bankruptcy that never received a Discharge.

29. Defendant Experian subsequently reported that Plaintiff had filed a bankruptcy, yet never received a discharge.

30. On Defendant LexisNexis's website, they state that they are the provider of bankruptcy information to Defendant Experian.

31. Defendant LexisNexis should not have furnished that Plaintiff had filed a bankruptcy but had not received an order for Discharge, as Plaintiff had in fact received a discharge.

32. On or about mid-August 2021, Plaintiff applied for an auto loan through San

Diego County Credit Union and was denied credit.

33. In response and denying the extension of credit, an e-mail provided by San Diego County Credit Union specifically cited the Plaintiff's bankruptcy as a reason for the credit denial.

34. On or about mid-November 2021, Plaintiff applied for a credit card through Capital One Bank (USA), N.A. and was denied credit. The denial letter provided by Capital One Bank (USA), N.A. specifically stated:

> Based on your credit report from one or more of the agencies on the back of this letter, the presence of a non-discharged bankruptcy.

35. At a specific time, unknown to Plaintiff, but after the entry of the Order for Discharge, Defendant Experian, as well as the credit agencies Equifax and TransUnion, all reported that Plaintiff had filed a bankruptcy that never received a Discharge.

36. On or about December 1, 2021, Plaintiff specifically disputed with Defendant Experian that his credit report showed a non-discharged bankruptcy case.

37. On or about December 3, 2021, Plaintiff once again specifically disputed with Defendant Experian that his credit report showed a non-discharged bankruptcy case.

38. Plaintiff is informed and believes, and thereon alleges, that during the investigation of Plaintiff's dispute, prior to Defendant LexisNexis responding and verifying the incorrect information to Experian, LexisNexis failed to check Plaintiff's bankruptcy filing to verify that he had in fact received a discharge.

39. Plaintiff is informed and believes, and here upon alleges, that during the investigation of Plaintiff's dispute, prior to responding and verifying the incorrect information to Plaintiff, Experian failed to check Plaintiff's bankruptcy filing to verify that he had in fact received a discharge.

40. Defendants further failed to contact Plaintiff and request additional information

from Plaintiff that would aid in reporting the correct status of the bankruptcy case.

41. On or about December 15, 2021, Defendant Experian sent Plaintiff results of its two (2) investigations into Plaintiff's two separate disputes. In both results, Defendant Experian stated:

> The dispute for the bankruptcy named US BKPT CT CA SAN DIEGO was not changed as a result of our processing of your dispute. The company that reported the information has certified to Experian that the information is accurate.

42. After receiving notice of Plaintiff's dispute, Defendants knowingly and willfully republished the inaccurate and derogatory information on the Plaintiff's accounts.

43. Subsequent to Plaintiff's dispute, by furnishing and reporting the bankruptcy as not having been discharged, Defendants have intentionally furnishing and republishing inaccurate post-bankruptcy discharge information.

44. Plaintiff is informed and believes that his credit score is taking a "double-hit" as a result of such conduct by Defendants. Once for his bankruptcy. And once more for the incorrect status stating that Plaintiff did not receive a bankruptcy discharge, which is inaccurate and therefore caused Plaintiff damages.

## CLASS ACTION ALLEGATIONS

45. Plaintiff realleges and incorporates by reference every allegation contained in all foregoing paragraphs, inclusive, as though fully set forth herein.

46. Plaintiff and the members of the Class have all suffered injury in fact because of the Defendants' unlawful conduct.

47. The "Class Period" means 24 months prior to the filing of the Complaint in this action.

48. Plaintiff bring this lawsuit on behalf of himself, and other bankruptcy debtors similarly situated nationwide under Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedures. Subject to additional information obtained through

further investigation and/or discovery, the proposed "Class" consists of:

49. **"National Reasonable Procedures Class"** consisting of:

"All persons within the United States who filed a Chapter 13 or Chapter 7 bankruptcy case where one or more of the named Defendants furnished or reported that the bankruptcy case was not discharged when in fact it was discharged, within two years prior to the filing of the Complaint.

50. **"National Failure to Investigate and Re-investigate Class"** consisting of:

"All persons within the United States who filed a Chapter 13 or Chapter 7 bankruptcy case where the individual disputed inaccurate reporting of a bankruptcy discharge, and one or more of the named Defendants concluded after an investigation or re-investigation that the bankruptcy case was not discharged when in fact it was discharged, within two years prior to the filing of the Complaint.

51. **"California CCRAA Reasonable Procedures Sub-Class"** consisting of:

All persons within California who filed a Chapter 13 or Chapter 7 bankruptcy case where one or more of the named Defendants furnished or reported that the bankruptcy case was not discharged when in fact it was discharged, within two years prior to the filing of the Complaint.

52. **"California Failure to Investigate and Re-investigate Sub-Class"** consisting of:

"All persons within California who filed a Chapter 13 or Chapter 7 bankruptcy case from where the individual disputed inaccurate reporting of a bankruptcy discharge, and one or more of the named

Defendants concluded after an investigation or re-investigation that the bankruptcy case was not discharged when in fact it was discharged, within two years prior to the filing of the Complaint.

53. Excluded from the Class are the named Defendants, and any of their respective officers, directors, employees, or agents.  Plaintiffs reserve the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

   a. *Ascertainability*.  The members of the Class are readily ascertainable from Defendants' records and/or Defendants' agents' records regarding bankruptcy cases within the Class Period where Defendants have furnished or reported a bankruptcy filing.  Alternatively, the members of the Class are readily ascertainable by searching and reviewing publicly-available data from the PACER system during the class period.

   b. *Numerosity*.  The members of the Class are so numerous that their individual joinder is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that the proposed class consists of hundreds of thousands of members.

   c. *Existence and Predominance of Common Questions of Law and Fact*.  Common questions of law and fact exist as to all members of the Class predominate over any questions affecting only individual Class members.  All members of the Class have been subject to the same conduct and their claims are based on the widespread failure of Defendants to have reasonable procedures in place to furnish or report bankruptcy discharge information.  The common legal and factual questions include, but are not limited to, the following:

      i. Whether Plaintiff and the proposed class members had a bankruptcy case that was discharged;

ii.   Whether Defendants have reasonable procedures in place for furnishing publicly-available bankruptcy information;

iii.   Whether Defendants have reasonable procedures in place for reporting publicly-available bankruptcy information.;

iv.   Whether Defendants regularly conduct actual investigations into the status of bankruptcy cases when a consumer disputes that information;

v.   Whether Plaintiff and the proposed members of the Class are entitled to actual damages;

vi.   Whether Plaintiff and the proposed members of the Class are entitled to equitable relief; and

vii.   Whether Plaintiff and the proposed members of the Class are entitled to injunctive relief sought herein.

d.   ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent.  Plaintiff, like members of the proposed Class, filed bankruptcy cases and although they received a discharge, Defendants failed to accurately furnish and/or report that information.  Plaintiff is advancing the same or substantially the same claims and legal theories on behalf of themselves and all absent members of the Class.  Defendants have no defenses unique to the named Plaintiff.

e.   ***Adequacy of Representation***.  Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in bankruptcy law and consumer protection law, including class actions.  Plaintiff has no adverse or antagonistic interests to those of the Class and will fairly and adequately protect the interests of the Class.  Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

f.   ***Superiority***.  A class action is superior to all other available means for the

fair and efficient adjudication of this controversy.  Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the courts and the issues raised by this action.  The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendants.  The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.  It would be impractical for members of the proposed Class to individually redress effectively the wrongs to them.  Even if the members of the proposed Class could afford such litigation, the Court system could not.  Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

54. Unless the Class is certified, Defendants will continue to harm Plaintiff and the members of the proposed Class by failing to ensure accurate procedures in furnishing and reporting of bankruptcy information.  Unless a class-wide injunction is issued, Defendants will also likely continue to fail to accurately furnish and report information about bankruptcy cases, in violation of the law.

55. Further, Defendants have acted or refused to act on grounds that are generally applicable to the Class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed R.

Civ. P. 23(b)(2).

## FIRST CAUSE OF ACTION

## WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORT

15 U.S.C. § 1681, *et. seq.* and Cal. Civ. Code § 1785.1, *et. seq.*

(15 U.S.C. § 1681, *et. seq.* claims as to Defendant Experian only;

Cal. Civ. Code § 1785.1, *et. seq.* as to all Defendants)

56. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint as though fully stated herein.

57. Plaintiff and the proposed members of the Class are "consumers" as that term is defined by Cal. Civ. Code § 1785.3(b).

58. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

59. Experian is regularly engaged in practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and Furnishing these Credit Reports to third parties.

60. Experian uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f). Experian is likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

61. In preparing Credit Reports, Experian has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the status of bankruptcy cases of Plaintiff and the Class, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

62. In the regular course of its business operations, LexisNexis routinely furnishes information to credit reporting agencies (including Experian) regarding publicly

available information about bankruptcy filings, which in turn has bearing on credit worthiness, credit standing and credit capacity, as this information was then reported to the "consumer credit reports" of Plaintiff and the Classes. *See* Cal. Civ. Code § 1785.3(c).

63. In furnishing this information about bankruptcy filings, LexisNexis has failed to maintain reasonable procedures, as required by law, to ensure the "completeness or accuracy of [the] information" relating to the status of bankruptcy cases of Plaintiff and the Classes, in violation of Cal. Civ. Code § 1785.25(g).

64. Reasonable means were readily available to Defendants to be able to confirm the fact that the bankruptcy case for Plaintiff and the proposed Class members were in fact discharged, yet upon information and belief, Defendants knowingly and intentionally chose as a business decision not to incur the time and cost of checking public information on PACER to confirm whether or not the bankruptcy cases were discharged.

65. As a result of LexisNexis' failure to use reasonable procedures in accordance with the requirements of Cal. Civ. Code § 1785.25(g), LexisNexis has erroneously furnished information concerning bankruptcy cases as not being discharged when in fact they were, for Plaintiff and all members of the Classes.

66. LexisNexis' failure to comply with the requirements of Cal. Civ. Code § 1785.25 is willful within the meaning of Cal. Civ. Code § 1785.31(a)(2).

67. As a result of LexisNexis' willful noncompliance with the requirements of Cal. Civ. Code § 1785.25, Plaintiff and class and sub-class members are entitled to punitive damages under Cal. Civ. Code § 1785.31(a)(2).

68. As a further result of LexisNexis' willful noncompliance with the requirements of Cal. Civ. Code § 1785.25, Plaintiffs and the Classes have suffered damage to their credit rating and other actual damages, including, but no limited to, denial of credit, denial of access to consumer services, losses from difficulty in obtaining credit, losses resulting from imposition of higher interest rates when

they have been able to obtain credit, lost opportunities to obtain mortgages, rental properties, automobiles and other goods or services.

69. As a result of Experian's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C § 1681e(b) and Cal. Civ. Code § 1785.14(b), Experian has erroneously reported bankruptcy cases as not being discharged when in fact they were, for Plaintiff and all members of the Class.

70. Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

71. As a result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff and class and sub-class members are entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code § 1785.31(a)(1) and (a)(2), respectively.

72. As a further result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiffs and the Class have suffered damage to their credit rating and other actual damages, including, but no limited to, denial of credit, denial of access to consumer services, losses from difficulty in obtaining credit, losses resulting from imposition of higher interest rates when they have been able to obtain credit, lost opportunities to obtain mortgages, rental properties, automobiles and other goods or services.

73. The foregoing acts and omissions of Experian constitutes numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

74. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's

1    fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Experian.

2    75. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is

3    entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

4    1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §

5    1681o(a)(2) from Experian.

6

7    **SECOND CAUSE OF ACTION**

8    **NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO**

9    **ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS**

10    15 U.S.C. § 1681, *et. seq.* and Cal. Civ. Code § 1785.1, *et. seq.*

11    (15 U.S.C. § 1681, *et. seq.* claims as to Defendant Experian only;

12    Cal. Civ. Code § 1785.1, *et. seq.* as to all Defendants)

13    76. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs

14    of this Complaint as though fully stated herein.

15    77. In preparing credit reports relating to Plaintiff and the class and sub-class

16    members, Experian has failed to follow reasonable procedures to assure

17    maximum accuracy of information it puts in Credit Reports of 15 U.S.C §

18    1681e(b) and Cal. Civ. Code § 1785.14(b).

19    78. Similarly, LexisNexis has failed to use reasonable procedures, in accordance with

20    the requirements of Cal. Civ. Code § 1785.25(g), by erroneously furnishing

21    information concerning bankruptcy cases as not being discharged when in fact

22    they were, for Plaintiff and the proposed Class members.

23    79. Reasonable means were readily available to Defendants to be able to confirm the

24    fact that the bankruptcy case for Plaintiff and the proposed Class members were

25    in fact discharged by searching public records on PACER, yet upon information

26    and belief, Defendants were negligent in not adopting procedures to check public

27    information on PACER to confirm whether the bankruptcy cases were discharged

28    or not.

80. As a result of LexisNexis' failure to use reasonable procedures in accordance with the requirements of Cal. Civ. Code § 1785.25(g), LexisNexis has erroneously furnished information concerning bankruptcy cases as not being discharged when in fact they were, for Plaintiff and all members of the Classes.

81. LexisNexis' failure to comply with the requirements of Cal. Civ. Code § 1785.25 is negligent within the meaning of Cal. Civ. Code § 1785.31(a)(1).

82. As a result of LexisNexis' negligent violation with the requirements of Cal. Civ. Code § 1785.25, Plaintiff and the class and sub-class members have suffered damage to their credit ratings and other actual damages, including, but not limited to, denial of credit, denial of access to consumer services, losses from difficulty in obtaining credit, losses resulting from imposition of higher interest rates when they have been able to obtain credit, lost opportunities to obtain mortgages, rental properties, automobiles and other goods or services.

83. As a result of Experian's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Experian has erroneously reported the status of Plaintiff and the class and sub-class members' bankruptcy cases as not being discharged, when in fact they were.

84. Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31 (a)(1), respectively.

85. As a result of Experian's negligent violation with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiff and the class and sub-class members have suffered damage to their credit ratings and other actual damages, including, but not limited to, denial of credit, denial of access to consumer services, losses from difficulty in obtaining credit, losses resulting from imposition of higher interest rates when they have been able to obtain credit, lost opportunities to obtain mortgages, rental properties, automobiles and other goods or services.

1

2 **THIRD CAUSE OF ACTION**

3 **WILLFUL FAILURE TO REASONABLY REINVESTIGATE**

4 15 U.S.C. § 1681, *et. seq*. and Cal. Civ. Code § 1785.1, *et. seq.*

5 (As to Defendant Experian Only)

6 86. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs

7 of this Complaint as though fully stated herein.

8 87. Experian has knowingly and intentionally failed to follow reasonable

9 reinvestigation procedures for ascertaining the accuracy of information relating

10 to the bankruptcy cases of Plaintiff and the class and sub-class members that

11 Experian has erroneously reported bankruptcy cases as not discharged when in

12 fact they were discharged.

13 88. Reasonable means were readily available to Experian to be able to confirm the

14 fact that the bankruptcy case for Plaintiff and the proposed Class members were

15 in fact discharged, yet upon information and belief, Experian knowingly and

16 intentionally chose as a business decision not to incur the time and cost of

17 checking public information on PACER to confirm whether the bankruptcy cases

18 were discharged or not.

19 89. As a result of Experian's intentional failure to conduct reasonable

20 reinvestigations in accordance with the requirements of 15 U.S.C. § 1681i(a)(1)

21 and Cal. Civ. Code § 1785.16, Experian has continued to erroneously report the

22 bankruptcy case status of Plaintiff and the class and sub-class members as not

23 being discharged, when in fact they were, in its credit reports for Plaintiff and the

24 class and sub-class members, after having been notified that they were disputing

25 that information.

26 90. Experian's failure to comply with the requirements of 15 U.S.C. § 1681i(a)(1)

27 and Cal Civ. Code § 1785.16 is willful within the meaning of 15 U.S.C. §

28 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

91. As a result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code §1785.16, Plaintiff and the class and sub-class members are entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

92. As a further result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Plaintiff and the class and sub-class members have suffered damage to their credit ratings and other actual damages, including, but not limited to, denial of credit, denial of access to consumer services, losses from difficulty in obtaining credit, losses resulting from imposition of higher interest rates when they have been able to obtain credit, lost opportunities to obtain mortgages, rental properties, automobiles and other goods or services.

### FOURTH CAUSE OF ACTION
### NEGLIGENT FAILURE TO REASONABLY REINVESTIGATE
15 U.S.C. § 1681, *et. seq*. and Cal. Civ. Code § 1785.1, *et. seq.*

(As to Defendant Experian Only)

93. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint as though fully stated herein.

94. Experian has failed to follow reasonable reinvestigation procedures for ascertaining the accuracy of information relating to relating to the bankruptcy cases of Plaintiff and class and sub-class members that Experian has erroneously reported bankruptcy cases as not discharged when in fact they were discharged.

95. Reasonable means were readily available to Experian to be able to confirm the fact that the bankruptcy case for Plaintiff and the proposed Class members were in fact discharged by searching public records on PACER, yet upon information

and belief, Experian was negligent in not checking public information on PACER to confirm whether the bankruptcy cases were discharged or not.

96. As a result of Experian's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Experian has continued to report the bankruptcy case status of Plaintiff and the class and sub-class members as not being discharged when in fact they were in the credit reports for Plaintiff and the class and sub-class members, after having been notified that they were disputing that information.

97. Experian's failure to comply with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16 is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(1), respectively.

98. As a result of Experian's negligent noncompliance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Plaintiff and the class and sub-class members have suffered damage to their credit ratings and other actual damages, including, but not limited to, denial of credit, denial of access to consumer services, losses from difficulty in obtaining credit, losses resulting from imposition of higher interest rates when they have been able to obtain credit, lost opportunities to obtain mortgages, rental properties, automobiles and other goods or services.

## FIFTH CAUSE OF ACTION
## FAILURE TO INVESTIGATE
### Cal Civ. Code § 1785.1, *et. seq.*
(As to Defendant LexisNexis Only)

99. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint as though fully stated herein.

100.   Cal. Civ. Code §1785.25(f) provides:

> Upon receiving notice of a dispute noticed pursuant to subdivision (a) of Section 1785.16 with regard to the completeness or accuracy of any information provided to a consumer credit reporting agency, the person that provided the information shall (1) complete an investigation with respect to the disputed information and report to the consumer credit reporting agency the results of that investigation before the end of the 30-business-day period beginning on the date the consumer credit reporting agency receives the notice of dispute from the consumer in accordance with subdivision (a) of Section 1785.16 and (2) review relevant information submitted to it.

101.   When Plaintiff made his Consumer Dispute Verification request, Defendant LexisNexis was required to do an investigation and review the information provided by Plaintiff.

102.   In his disputes, Plaintiff specifically explained that his bankruptcy case had in fact been discharged, but was being furnished as having been filed but with no discharge obtained.

103.   Defendant Experian notified Defendant LexisNexis via an Automated Credit Dispute Verification ("ACDV") form used by the credit reporting agencies to communicate consumer disputes to lenders and collection agencies, because Defendant LexisNexis was the entity who furnished the information to Defendant Experian regarding Plaintiff and the class members' bankruptcy case related information to said CRA's.

104.   ACDVs are transmitted to furnishers via an electronic system known as the "E-OSCAR" system, which is an automated system that enables furnishers and credit reporting agencies (CRA's) to create and respond to consumer credit history disputes by sending the disputes directly to the furnisher through said system.  The ACDV process tracks and manages an ACDV initiated by a credit reporting agency on behalf of a consumer and routes it to the appropriate furnisher.  The furnisher is supposed to then return the ACDV to the initiating CRA with the updated information (if any) relating to the consumer's credit

1   history.

2   105.   Despite being notified of Plaintiff's dispute via an ACDV, Defendant

3   LexisNexis failed to exercise reasonable care in failing to take the remedial

4   measures required by statute.  After reviewing the dispute, whereby Plaintiff

5   explained that his bankruptcy case had in fact been discharged, Defendant

6   LexisNexis responded to Defendant Experian by "verifying" that the bankruptcy

7   case status was correct, thereby confirming to Experian that Plaintiff had not in

8   fact received a discharge order in his bankruptcy case, when in fact he had.

9   106.   The conduct of Defendant LexisNexis is particularly flagrant given that

10   Plaintiff and the class and sub-class members' bankruptcy information can be

11   readily and easily verified as they are publicly available through PACER.

12   107.   By failing to properly update the bankruptcy case status for Plaintiff and the

13   class and sub-class members that was readily verifiable and publicly available,

14   Defendant LexisNexis violated Cal. Civ. Code § 1785.25(f)

15   108.   By violating Cal. Civ. Code § 1785.25(f), Defendant Lexis Nexis is liable to

16   Plaintiff and the class and sub-class members for damages pursuant to Cal. Civ.

17   Code § 1785.31.

18   109.   As a result of Defendant LexisNexis's noncompliance with the requirements

19   of Cal. Civ. C. § 1785.25(f), Plaintiff and the class and sub-class members have

20   suffered damages to their credit ratings and other actual damages, including, but

21   not limited to, denial of credit, denial of access to consumer services, losses from

22   difficulty in obtaining credit, losses resulting from imposition of higher interest

23   rates when they have been able to obtain credit, lost opportunities to obtain

24   mortgages, rental properties, automobiles and other goods or services.

25

26

27

28

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth his claims for relief against Defendants, and each of them herein, respectfully requests this Court enter a Judgment against Defendants as follows:

a. That this action be certified as a Class Action, Plaintiff be appointed as the representatives of the Class and California Sub-Class, and Plaintiff's attorneys be appointed Class Counsel;

b. That the conduct of Defendants complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the FCRA, and the CCCRAA;

c. An injunctive order mandating removal of all incorrect information and modifications of Plaintiff and the class and sub-class members' credit reports to reflect the correct status of their bankruptcy cases as being discharged;

d. An award of actual damages subject to proof at trial against Defendants, each of them, jointly and severally, pursuant to 15 U.S.C §§1681n(a)(1)(A) and 1681o(a)(1) and Cal. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2);

e. An award of punitive damages subject to proof at trial against Defendants, pursuant to 15 U.S.C. §1681n(a)(2) and Cal. Civ. Code §1785.31(a)(2)(B);

f. An award of attorney's fees and costs of suit against Defendants, pursuant to, *inter alia*, 15 U.S.C. §§1681n(a)(3) and 1681o(b) and Cal. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2); and

g. For all such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury on all issues triable by a jury.

Dated: January 13, 2022

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By*:  /s Abbas Kazerounian*
      Abbas Kazerounian, Esq.
      *Attorney for Plaintiff*

**<u>Additional Counsel for Plaintiff</u>**
Jason A. Ibey, Esq. (284607)
Kazerouni Law Group, APC
321 N. Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523