# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALVARADO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　Defendant. | Case No. 22-cv-0050-BAS-JLB<br><br>**ORDER GRANTING JOINT MOTION TO DISMISS (ECF No. 20)** |

Plaintiff commenced this putative class action against Defendants LexisNexis Risk Data Management, Inc. ("Lexis") and Experian Information Solutions, Inc. ("Experian") on January 13, 2022. (Compl., ECF No. 1.) On March 8, 2022, Plaintiff filed a notice of voluntary dismissal without prejudice against LexisNexis, thereby terminating that Defendant from this action. On April 7, 2022, the parties jointly moved pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(ii) to dismiss claims against the lone remaining Defendant, Experian, and, thus, the action in its entirety. (Joint Mot., ECF No. 20.)

Under Rule 41(a)(1)(A), a plaintiff has an absolute right to voluntarily dismiss its action by (1) filing a notice of voluntary dismissal before a defendant has filed an answer or moved for summary judgment, *or* (2) filing a stipulation of dismissal signed by all

parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A); *see also Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Dismissal is effective upon the filing of a compliant notice or stipulation, as described in Rule 41(a)(1)(A), and no court order is required. *Stone v. Woodford*, No. CIV-F-05-845 AWI-DLB, 2007 WL 527766 (E.D. Cal. Feb. 16, 2007). A dismissal is without prejudice unless the parties stipulate otherwise. Fed. R. Civ. P. 41(a)(1)(B). Crucially, "*prior* to certification" a named plaintiff may dismiss claims on behalf of a putative class under Rule 41(a)(1) because "Rule 23(e) does not provide the district court with any supervisory authority over such dismissals, nor does it require notice to the absent class members." *Ripley v. Bridgestone Retail Ops., LLC.*, No. C09-1482 RSM, 2010 WL 11684294, at *2 (W.D. Wash. Sept. 2, 2010) (citing Moore's Federal Practice 3d, § 23.64[2][a] (2007)); *see also Richey v. GetWellNetwork, Inc.*, No. 20-cv-2205-BEN-BLM, 2021 WL 424281, at *3 ("Because no class has been certified in this case, Rule 23 does not mandate either court approval of the instant settlement or notice to putative class members" (quoting *Allred v. Chicago Title Co.*, No. 19CV2129-LAB (AHG), 2020 WL 5847550, at *1 (S.D. Cal. Oct. 1, 2020))).

Although Rule 41(a)(1)(A)(ii) by its text permits voluntary dismissal by filing a compliant stipulation, the local civil rules of this district require that such a stipulation must be filed as a joint motion.[1]

Having considered the parties' request, the Court construes the parties' stipulation as a Joint Motion to dismiss this action and **GRANTS** that Joint Motion. (ECF No. 20.) Thus, the Court **DISMISSES WITH PREJUDICE** Plaintiff's individual claims against Experian and **DISMISSES WITHOUT PREJUDICE** the claims of the putative class. The Clerk of Court is directed to close this matter.

**IT IS SO ORDERED.**

**DATED: April 7, 2022**

Hon. Cynthia Bashant
United States District Judge

---

[1] *See* Electronic Case Filing Administrative Policies and Procedures Manual, United States District Court for the Southern District of California.